IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JACOB ALLEY, PAUL ATKINSON, CHRISTIAN BRATTON and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>QUALITY ECO TECHNOLOGIES, LLC.,<br><br>        Defendant. | Civil Action No.: 3:20-cv-355<br>TRIAL BY JURY DEMANDED |

## COLLECTIVE ACTION COMPLAINT

COME NOW Plaintiffs Jacob Alley, Paul Atkinson, and Christian Bratton, by counsel, and make the following allegations on behalf of themselves and all others similarly situated:

### PRELIMINARY STATEMENT

1.   This proceeding is a Collective Action for declaratory relief, injunctive relief, and to recover unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, as amended ("FLSA" or "the Act") for Plaintiffs Jacob Alley, Paul Atkinson, and Christian Bratton and all others similarly situated (collectively "Plaintiffs").

### PARTIES

2.   Defendant Quality Eco Technologies, LLC, ("QET"), is a Virginia corporation with a principal place of business located at 9323 Midlothian Turnpike Ste T, Richmond, VA 23235.[1] QET is in the business of providing and installing eco-friendly ventilation, air filtration, insulation, and power conservation products to residential and commercial customers. QET conducts

---

[1] Per the Virginia SCC Information system as of 5/8/20. Plaintiff understands QET may have recently moved to a new location, 2620 Decatur St Bldg 25A, Richmond, VA 23224.

business throughout the United States from its Richmond, Virginia headquarters.² QET is an "employer" within the meaning of 29 U.S.C. § 207(a)(1) and was Plaintiffs' "employer" within the meaning of 29 U.S.C. § 203(d) at all times relevant to this action.

3. Plaintiff Alley is a resident of Richmond, Virginia and is a former employee of QET. Alley has been employed by Defendant as an Installer from February 20, 2018 through February 25, 2019. Alley worked out of Defendant's Richmond area operations but serviced customers up and down the Eastern United States. At all times relevant hereto, Alley, and all others similarly situated, were misclassified as independent contractors, but, in actuality, were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Plaintiff Atkinson is a resident of Chesterfield, Virginia and is an employee of QET. Atkinson has been employed by Defendant as an Installer from January 10, 2019 through the present. Atkinson worked out of Defendant's Richmond area operations but serviced customers up and down the Eastern United States. At all times relevant hereto, Atkinson, and all others similarly situated, were misclassified as independent contractors, but, in actuality, were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3. Plaintiff Bratton is a resident of Oakton, Virginia and is an employee of QET. Bratton has been employed by Defendant as an Installer from March 7, 2018 through the present.³ Bratton worked out of Defendant's Richmond and Baltimore area operations but serviced customers up and down the Eastern United States. At all times relevant hereto, Bratton, and all others similarly situated, were misclassified as independent contractors, but, in actuality, were employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

---

² *See* https://www.qualityecotech.com/about-us/. (last visited April 30, 2020)
³ Both Atkinson and Bratton were purportedly laid off as of March 16, 2020 due to the Covid-19 pandemic. They are each awaiting notice as to whether they will be invited to return to QET when normal working conditions resume.

4. Alley, Atkinson, and Bratton bring this action on behalf of themselves and other similarly situated current and former employees of Defendant pursuant to 29 U.S.C. § 216(b). Plaintiffs and the similarly situated employees are individuals who were, or are, employed by Defendant as "Installers" or "Installation Techs," or with duties similar to "Installers" or "Installation Techs," within the three years preceding the filing of this complaint.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§2201 and 2202.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b).

7. Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

### REPRESENTATIVE ACTION ALLEGATIONS

8. Plaintiffs file this statutorily authorized collective action as Representative Plaintiffs. Plaintiffs consent to become party plaintiffs in this representative FLSA action pursuant to 29 U.S.C. § 216(b), as evidenced by the attached "Plaintiff Consent Forms," attached hereto as Exhibit 1.

9. Defendant employs, and has employed, multiple persons in the same job functions and/or positions as Plaintiffs occupied.

10. These employees perform, and have performed, functions which entitle them to payment of overtime compensation wages that they have not received.

11. Defendant compensated Plaintiffs, and those similarly situated, on a uniform compensation basis common to Plaintiffs and other persons performing similar job functions. Additionally, Defendant misclassified all Plaintiffs as independent contractors despite the

character and nature of Plaintiffs' terms and conditions of employment unambiguously indicating that they were, in fact, employees.

12. On information and belief, all of Defendant's operations are centrally managed as a single enterprise, and all or most of Defendant's employees performing functions similar to Plaintiffs are subject to common, uniform time-keeping and payroll practices.

13. The "collective" or "class" of similarly situated employees is composed of all present and former employees of Defendant who performed the same or similar job functions as the Plaintiffs and are or were subject to the same pay practices, and have been employed within three (3) years of the date of filing of this action.

14. Plaintiffs assert that Defendant's willful disregard of the overtime laws described herein entitles Plaintiffs and similarly situated employees to the application of a three (3) year limitations period.

**FACTUAL ALLEGATIONS**

15. At all times relevant hereto, Defendant has been an "enterprise" engaged in commerce or in the production of goods for commerce as that term is defined by 29 U.S.C. §203(s)(1). Upon information and belief, at all times relevant hereto, Defendant's annual gross income as an enterprise exceeded $500,000.

16. Defendant employed Alley, Atkinson, and Bratton as "Installers."

17. As Installers, Plaintiffs' duties consisted of delivering and installing whatever materials and/or devices a customer had ordered from QET.

18. Though they worked out of Richmond and Baltimore, Plaintiffs were required to drive to several different states to deliver materials and perform installations for QET customers.

19. Due to a confluence of regular long drive times to and from out of town jobs, the large volume of jobs Installers were required to perform, and the magnitude of work required by many of those jobs, Plaintiffs regularly worked more than 40 hours a week performing work for QET. Plaintiffs were often made to travel hundreds or even thousands of miles and service multiple QET customers within a single week.

20. Plaintiffs, and those similarly situated, were trained by QET about the products used and on how to perform said installations.

21. Plaintiffs, and those similarly situated, were assigned jobs by QET and did not have any control over the hours they worked. Additionally, as a term of their employment, despite supposedly being independent contractors, Plaintiffs were made to sign a non-compete agreement prohibiting them from performing work for any QET competitors both during, and for a time period after, their employment with QET.

22. In performing their duties, Plaintiffs, and those similarly situated, were required to wear a QET uniform, typically drove QET vehicles, and used QET tools and supplies. Plaintiffs, and those similarly situated, were also provided a QET credit card for those instances when supplies or tools had to be purchased.

23. Because QET misclassifies Installers as independent contractors, it paid Plaintiffs only on a commission basis (set exclusively by QET) and failed to pay them minimum wages as well as owed overtime in those weeks where they worked more than forty (40) hours.

24. QET controlled all aspects of the employment relationship. It also reserved the right to illegally deduct earned money from Plaintiffs' "paycheck" if certain weekly and daily duties were not completed. Such duties include cleaning QET vehicles to the satisfaction of

management, completing installation forms, submitting receipts, submitting inventory counts, and straightening and organizing the inventory rooms.

25. Plaintiffs' job duties, and the job duties of those similarly situated to Plaintiffs, specifically the manual installation and delivery of insulation, air filtration, and ventilation products and systems are not exempt from the coverage of the FLSA.

26. At all relevant times, Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

27. Throughout Plaintiffs' employment with Defendant, Plaintiffs were regularly required to work in excess of forty (40) hours a week.

28. During Plaintiffs' employment with Defendant, Defendant did not pay them or other similarly situated employees overtime compensation for hours worked in excess of forty (40) hours a week ("overtime work"), nor were they provided a guaranteed weekly payment at least equivalent to the minimum wage.

29. On information and belief, Defendant continues to deny similarly situated individuals overtime compensation for overtime work.

30. At all times relevant to the matters alleged herein, Defendant has had a policy and practice of misclassifying Installers and/or Installation Techs as independent contractors and not properly compensating them with minimum and overtime wages due for work performed for Defendant's benefit. This time is compensable time under the FLSA.

31. Plaintiffs and other similarly situated employees were paid on a "commission" basis, irrespective of hours worked above forty (40) hours in an individual week. No overtime compensation was paid to Plaintiffs or those similarly situated for any hours worked over forty in a workweek.

32. The FLSA requires covered employers such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week.

33. At all times relevant hereto, Defendant knew, or should have known, that federal wage laws, generally, and the FLSA, specifically, applied to its employees. Likewise, Defendant knew, or should have known it was misclassifying Installers and/or Installation Techs.

34. On information and belief, Defendant had knowledge of its FLSA requirements to pay "Installers" and other employees performing similar collecting functions, overtime compensation for hours worked in excess of forty (40) per week.

35. Despite knowledge of its obligations under federal wage laws, including the FLSA, Defendant suffered and permitted Plaintiffs and similarly situated employees to routinely work more than forty (40) hours per week without overtime compensation.

36. Defendant had an obligation under the FLSA to maintain accurate records of time worked by employees. For at least some portion of the relevant time period, Defendant failed to maintain accurate time records of the time employees expended efforts on its behalf.

37. On information and belief, Defendant continues to fail to maintain accurate time records of any kind for Installers or Installation Techs.

38. Defendant willfully violated the FLSA by misclassifying, and failing to pay, Plaintiffs and other similarly situated employees overtime compensation.

39. Defendant has failed, and on information and belief, continues to fail to maintain accurate time records for Plaintiffs and other similarly situated employees as required by the FLSA.

40. Defendants willfully violated the FLSA by, among other things, failing to keep accurate time records of all hours worked by Plaintiffs and other similarly situated employees.

41. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for, the fact that its compensation practices were in violation of these laws.

42. Plaintiffs and other similarly situated present and former employees are entitled to statutory damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of this Complaint.

43. Defendant showed a reckless disregard for FLSA overtime requirements. Although Defendant had an obligation to make proper inquiry into its FLSA compliance obligations, it failed to do so or, having inquired, it ignored or willfully attempted to avoid its legal obligations.

44. Defendant has not acted in good faith with respect to its failure to pay overtime compensation. Defendant had no legitimate reason to believe its actions and omissions were *not* a violation of the FLSA, thus entitling Plaintiffs to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation described above.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Approve notice, as soon as possible, to those employees and former employees similarly situated to Plaintiffs, namely all Installers and Installation Techs, and other employees performing the duties of Installers who were employed by Defendant during any portion of the three years immediately preceding the filing of this action, of the existence of this FLSA representative (collective) action, the claims set forth herein and further provide notice of their right to opt-in to this action pursuant to 29 U.S.C. § 216(b). Generally, this notice should inform

such employees and former employees that this action has been filed, describe the nature of the action and explain their right to opt in to this lawsuit if they were not paid the proper overtime wage compensation for their hours worked in any week during the statutory period;

B. Designate this action as a collective action on behalf of the FLSA collective class pursuant to 29 U.S.C. §216(b);

C. Enter judgment declaring that the acts and practices complained of herein are violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*;

D. Enter judgment awarding Plaintiffs, and all similarly situated present and former employees, actual compensatory damages in the amount shown to be due for unpaid overtime compensation, with pre-judgment interest, against the Defendant;

E. Enter judgment that Defendant's violations of the FLSA were willful;

F. Enter judgment awarding Plaintiffs and all similarly situated present and former employees an amount equal to their overtime damages as liquidated damages;

G. Enter judgment for post-judgment interest at the applicable legal rate;

H. Enter judgment awarding Plaintiffs, and those similarly situated, reasonable attorneys' fees and costs of this suit;

I. Grant leave to amend this Collective Action Complaint to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; to add claims under applicable state and federal laws, including claims for minimum wages pursuant to 29 U.S.C. § 206; and/or to add other defendants who meet the definition of Plaintiffs' employer, pursuant to 29 U.S.C. § 203(d);

      J.      Enjoin Defendant from future violations of the FLSA through the mandated payment of overtime compensation to similarly situated employees for hours worked in excess of forty (40) per week; and

      K.      Grant such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

Jacob Alley, Paul Atkinson, and Christian Bratton, on behalf of themselves and all others similarly situated,

By: \_\_\_\_\_/s/ *Zev H. Antell*_____
              Counsel for Plaintiffs

Harris D. Butler, III, (VSB No. 26483)
Zev H. Antell (VSB No. 74634)
Butler Royals, PLC
140 Virginia Street, Ste 302
Richmond, Virginia 23219
Telephone: (804) 648-4848
Facsimile: (804) 237-0413
harris.butler@butlerroyals.com
zev.antell@butlerroyals.com

Craig Juraj Curwood (VSB No. 43975)
Curwood Law Firm, PLC
530 E. Main Street, Suite 710
Richmond, VA 23219
Telephone: (804) 788-0808
Fax: (804) 767-6777
ccurwood@curwoodlaw.com